[No. B020926. Second Dist., Div. Six. July 2, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JONATHAN FREEMAN, Defendant and Appellant.

COUNSEL

Michael S. Mink, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Gary R. Hahn and William R. Weisman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ABBE, J.—

The single issue presented in this appeal is whether a person who hires another to kill a human being is subject to the special circumstance finding under Penal Code section 190.2 subdivision (a)(1)[1] that the murder was intentional and carried out for financial gain even if the hirer is not himself shown to be financially motivated. We conclude the answer is yes and affirm.

Appellant was convicted of first degree murder (§§ 187, 189) upon his plea of nolo contendere. He subsequently made appropriate waivers of a jury trial and submitted the issue of the truth of the charged special circumstance on the preliminary hearing transcript. The prosecution agreed not to request the death penalty. Both parties stipulated the killer, Sidney Bruster, carried out the murder of appellant's wife for Bruster's financial gain.

The trial court found the special circumstance that the murder was intentional and committed for financial gain to be true. The court expressly stated the finding was based solely on the financial gain to be received by the killer who appellant aided and abetted and not on any financial benefit

---

[1] All further statutory references are to this code unless otherwise specified.

acquired by appellant. The only evidence introduced at the preliminary hearing of financial gain to appellant from his wife's death was his hearsay statements to Bruster that appellant was the beneficiary of insurance policies on his wife's life. These statements were introduced to show Bruster's mental state and not appellant's.

The evidence otherwise establishes that appellant offered certain financial inducements to Bruster to kill his wife; that appellant planned several ways Bruster could do this; finally gave Bruster a hammer, set up a plan to get his wife into an isolated place where she could be killed by Bruster, acted with Bruster to get her into this place and left her there with Bruster so appellant could go elsewhere to establish an alibi while Bruster killed her.

■ We find subdivision (b) of section 190.2 subjects the hirer of a contract killer liable to the death penalty or life imprisonment without possibility of parole. The subdivision provides in pertinent part as follows: "Every person whether or not the actual killer found guilty of intentionally aiding . . . counseling . . . inducing, soliciting . . . or assisting any actor in the commission of murder in the first degree shall suffer death or confinement in state prison for a term of life without the possibility of parole, in any case in which one of the special circumstances . . . of subdivision (a) . . . has been charged and specially found. . . ." Subdivision (a) provides such special circumstance for persons convicted of first degree murder when "(1) [t]he murder was intentional and carried out for financial gain."

Reading the two provisions together it is clear that one who intentionally aids or encourages a person in the deliberate killing of another for the killer's own financial gain is subject to the special circumstance punishment.

Appellant contends *People* v. *Bigelow* (1984) 37 Cal.3d 731 [209 Cal.Rptr. 328, 691 P.2d 994], the only Supreme Court case to consider the financial gain special circumstance, requires that the defendant himself be motivated by personal financial gain. The language used by the court on which he relies states: ". . . the financial gain special circumstance applies only when the victim's death is the consideration for, or an essential prerequisite to, the financial gain sought by the defendant." (*Id.* at p. 751.)

We do not agree that the court's use of the word "defendant" was intended to require financial gain by each aider and abettor. In context the *Bigelow* court was simply stating a rule distinguishing theft-related felony murders where killing was coincidental from those, as here, where killing is the essential condition precedent to the killer's obtaining the financial gain. In fact, in *People* v. *Bigelow, supra,* 37 Cal.3d at page 750, footnote 11, the

court noted by way of dicta that the hirer of a paid killer under this law is subject to the financial gain special circumstance finding as an intentional aider and abettor under subdivision (b).

Appellant's reliance on *Carlos* v. *Superior Court* (1983) 35 Cal.3d 131 [197 Cal.Rptr. 79, 672 P.2d 862], is equally unavailing. It did not hold subdivision (b) to be ambiguous and therefore subject to a defendant-favoring construction in any setting. The court there held that section 190.2, including subdivision (b), was ambiguous as applied to both the actual killer and an accomplice in a felony murder case. Consequently it construed the section to impose its special punishment only on persons who intended to kill or aid in a killing occurring during the commission of a specified felony. To the extent such intent to kill requirement is more general, any doubt that appellant intended to aid in an intentional killing was resolved by his plea.

We also reject appellant's hypothesis that to specially punish him without requiring proof he aided the killing for his own personal gain constitutes a "logical anomaly." A person who hires another to kill a third human being has no less moral culpability than the actual killer. In the case of murder-for-hire, as here, but for appellant's solicitation and aid the human being killed, his wife, would still be alive.

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.